## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARKEL INS. CO.,** | |
| **Plaintiff,** | Civ. No. 2:17-1885 (WJM) |
| **v.** | **OPINION** |
| **CONNOLLY, CONNOLLY & HEUN, LLP,** *et al.*, | |
| **Defendants.** | |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court on Defendant-Substitute Administrators' ("Administrators") motion to dismiss or, in the alternative, stay this case pending the outcome of the New Jersey Superior Court malpractice action ("Underlying Action"). Plaintiff Markel Insurance Company seeks damages for fraud and a declaratory judgment that it owes no duty to defend or indemnify its insured—the law firm of Connolly, Connolly & Heun, LLP (CCH),[1] Richard Heun, Esq., and the Estate of Francis X. Connolly (collectively, "CCH")—in the on-going Underlying Action.[2] The movant-Administrators, who are plaintiffs in the Underlying Action, contend adjudication of Plaintiff's damages claims remains dependent on the sought declaratory relief and thus warrants abstention. Plaintiff argues the Court should exercise its jurisdiction and adjudicate its legal and declaratory claims because the circumstances here thwart abstention. The matter was taken on submission without oral argument. FED. R. CIV. P. 78(b). As discussed below, the Administrators' motion to dismiss is **GRANTED**.

### I. BACKGROUND

This insurance coverage dispute entered federal court when Plaintiff sought a declaratory judgment that it owed no duty under its Lawyers Professional Liability Policy (the "Policy") to defend or indemnify CCH in the Underlying Action. This refusal to defend CCH stems from CCH's attorneys, Francis X. Connolly and Richard Heun, Esqs., allegedly making material misrepresentations in the Policy Application concerning their professional conduct. The Application contained a statement from Defendant-Heun that indicated since his last application for coverage he was unaware of anything that could

---

[1] For simplicity, the Court will refer to the law firm as Connolly Connolly & Heun, LLP (CCH).

[2] Prior to his death in October 2016, Francis X. Connolly practiced law in New Jersey at CCH. He was subsequently disbarred in October 2015. Am. Compl. ¶¶ 4, 21, ECF No. 6.

result in a professional liability claim or suit against him, the predecessor firm, or any current or prior CCH members. Am. Compl. ¶¶ 18, 19, 38, ECF No. 6. The Application required applicants to acknowledge having conducted an internal inquiry to identify and disclose anything that may result or bring about a claim. *Id.* at ¶¶ 16-20. Based on the representations made in the Application, Plaintiff issued and renewed CCH's Policy.

In December of 2016, the Administrators filed the Underlying Action against CCH.[3] On March 20, 2017, Plaintiff informed Defendant-Heun and Defendant-Ronald Davison, Esq.—an attorney trustee appointed for CCH, the law practice of Francis X. Connolly—of its decision to deny coverage of the Administrators' claims on behalf of the CCH client estates. The next day, Plaintiff filed the declaratory judgment action, seeking to rescind and void the CCH-issued Policy and asserted state and common law fraud claims, demanding judgment against Defendant-Heun only. The Administrators then amended its complaint in the Underlying Action, adding Plaintiff as a defendant, and appended a state law declaratory judgment claim concerning the same Policy. In lieu of filing an answer to Plaintiff's Amended Complaint, the Administrators filed this motion to dismiss.

## II.    LEGAL STANDARD

In addressing a motion to dismiss, a court must first find jurisdiction over the action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (citations omitted). When a court has jurisdiction, Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

## III.    DISCUSSION

Before discussing abstention, the Court will address the Administrators' objection to this Court's assumption of jurisdiction in arguing Plaintiff has failed to meet the $75,000 amount in controversy requirement. *See* 28 U.S.C. § 1332(a).

### A.  Subject Matter Jurisdiction – Amount in Controversy

The burden—although not a heavy one—rests on Plaintiff, at the time it filed the action, "to prove, by a preponderance of the evidence," it has satisfied the amount in controversy requirement. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (citation omitted); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (stating to permit dismissal, a claim "must appear to a legal

---

[3] On March 15, 2017, the Administrators amended the Underlying Action to add an additional Substitute Administrator, Fred Delli Santi, and Executor, Suzanne Schuler, as plaintiffs. Def.'s Mot. to Dismiss, Ex. E, ECF No. 9-2. In this case, on April 28, 2017, Plaintiff added the same two parties as Defendants. Am. Compl. ¶ 1.

certainty" to fall short of the jurisdictional amount). In declaratory actions, the amount in controversy represents "a reasonable reading of the value of the rights being litigated," *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (citations omitted), which in insurance coverage disputes "is determined by assessing the value of the underlying legal claims for which insurance coverage is sought." *Coregis Ins. Co. v. Schuster*, 127 F. Supp. 2d 683, 686 (E.D. Pa. 2001) (citations omitted).

Here, with no dispute as to the parties' citizenship, Plaintiff meets the amount in controversy requirement with its potential exposure of $2,000,000 under the Policy for the subject Estate claims. Also, in the Underlying Action on the Estates' behalf, the Administrators assert almost $5,000,000 in damages. Thus, in examining Plaintiff's claims and the likely recovery at the time it filed the complaint, this Court cannot conclude to a legal certainty that the claims fall below the $75,000 threshold. *See Auto-Owners Ins. Co.*, 835 F.3d at 395.

### B. Abstention Question

Under the Declaratory Judgment Act ("DJA"), federal courts "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). In such actions, federal courts retain significant discretion to dismiss or stay claims seeking declaratory relief, *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 146-47 (3d Cir. 2014), and may decline jurisdiction in deference to parallel state proceedings. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-83 (1995); *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 227, 229 (3d Cir. 2017) (observing "courts have greater discretion to decline jurisdiction over actions for declaratory judgments because they seek an adjudication of rights and obligations prior to the enforcement of a remedy"). On the other hand, when a complaint contains a claim for legal relief or damages, federal courts, by Congress, have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

In this Circuit, to evaluate jurisdiction in an action seeking both legal and declaratory relief, a court must consider "whether the legal claims are independent of the declaratory claims." *Rarick*, 852 F.3d at 229. "'Non-declaratory claims are 'independent' of a declaratory claim when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief.'" *Id.* at 228 (quoting *R.R. St. & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009) (citation omitted)). If, however, the legal claims are dependent on the declaratory claims, then the court retains discretion under the DJA to decline jurisdiction. *Rarick*, 852 F.3d at 229.

To evaluate abstention, apart from the criteria set out in *Reifer*, a court should consider, in insurance coverage disputes, additional factors such as leaning towards "restraint when the same issues are pending in a state court," "an inherent conflict of interest between an insurer's duty to defend in state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion, and [the]

avoidance of duplicative litigation." *Reifer*, 751 F.3d at 146-47 (citing *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134-35 (3d Cir. 2000) (quotation and footnote omitted)).

In applying the independent claim test for jurisdictional and substantive independence, the Court finds the legal claims for state insurance and common law fraud against Defendant-Heun are alone sufficient to invoke this Court's diversity jurisdiction. The parties remain diverse, with Plaintiff having its principal place of business in Illinois and Defendants being New Jersey residents, and, as discussed above, there lacks a legal certainty that Plaintiff's fraud claims fail to satisfy the $75,000 threshold.

Although claims be independent if based on the same underlying legal obligation, here, the declaratory and legal claims remain substantively intertwined because adjudication of the state and common law fraud claims against Defendant-Heun remains dependent on Plaintiff's sought declaratory relief that it owes no duty to defend or indemnify CCH in the Underlying Action. To rescind and void the Policy based on CCH's alleged false or misleading statements in the Policy Application that led to issuing it would resolve the state insurance and common law fraud claims against Defendant-Heun. Thus, the viability of the fraud claims rests upon the claims for declaratory relief.

Next, when deciding to exercise or decline DJA jurisdiction, a federal court should "giv[e] meaningful consideration" to the relevant *Reifer* factors. 751 F.3d at 146. Paramount, although not dispositive, in this Court's analysis is whether there exists "substantial similarity in issues and parties between contemporaneously pending proceedings." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 284 & n.8 (3d Cir. 2017). The presence "of a parallel state proceeding 'militates significantly in favor of declining jurisdiction.'" *Kelly*, 868 F.3d at 282 (quoting *Reifer*, 751 F.3d at 144-45). In this case, unlike where our Circuit has found non-parallelism in insurance coverage disputes like in *Kelly*, the Underlying Action involves the same parties, arguments, and issues; it captures the entire conduct among the parties. There is no bar in the Underlying Action to Plaintiff bringing its state and common law fraud claims against CCH. Further, Plaintiff's attempt to seek legal damages against Defendant-Heun represents piecemeal litigation. *See Summy*, 234 F.3d at 135 (noting a court should abstain to promote judicial economy).

Next, even though a federal court declaration would resolve uncertainty around the Policy's obligations which gave rise to the controversy, *see Reifer*, 741 F.3d at 146, the Administrators' legal malpractice claims in the Underlying Action remain tied to Plaintiff's fraud claims. Moreover, such disposition here would leave unresolved the remaining tort claims in the Underlying Action. Despite a decision on the declaratory action that could likely resolve the right and obligations owed under the Policy, even under New Jersey's Uniform Declaratory Judgments Act, N.J. REV. STAT. §§ 2A:16-51 to -62 (2013), this alone lacks a basis to assert jurisdiction because a state court decision would also resolve this issue. *See Burke-Dice v. Gov't Emps. Ins. Cos.*, No. 17-3918, slip op. at 4 (E.D. Pa. Aug. 15, 2017) (citations omitted). Further, Plaintiff could have brought its declaratory judgment action in state court and has failed to proffer

why it would be any less convenient there to adjudicate the matter rather than call on the federal forum.

As to the parties' convenience and public interest in settlement of the uncertainty of obligation, while Plaintiff desires federal court, the Administrators prefer state court and from the outset have objected to this Court exercising jurisdiction. *See Summy*, 234 F.3d at 136 (noting a "vigorous objection" to the district court's jurisdiction "weighed in favor of refusing to entertain the action"). Our Circuit has noted that insurance companies and their insureds who seek federal court declarations on solely state law matters "has no special call on the federal forum." *Id.* The *Summy* Court went further, stating in matters of well-settled state law, "there would seem to be even less reason for the parties to resort to the federal courts. Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare." *Id.* Here, this Court faces "the all too common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters." *United Fin. Cas. Co. v. Fornataro*, No. 08-1301, 2008 WL 4283347, at *1 (W.D. Pa. Sept. 18, 2008). As such, the Court should take pause in hearing the declaratory judgment action because "the state's interest in resolving its own law must not be given short shrift simply because one or, indeed, both parties perceive some advantage in the federal forum." *Summy*, 234 F.3d at 136. It is of greater service to the public interest to have state courts decide matters interpreting its laws. To do otherwise and decide the federal declaratory judgment question would create a race for *res judicata* and would serve as a method of procedural fencing. *See Reifer*, 751 F.3d at 146.

In sum, we have parallel proceedings and no federal questions or interests at stake. Well-settled state law controls the action and the state court provides an adequate forum to resolve the dispute that involves substantial similarity in issues and parties. Thus, in this case and in exercising our discretion, the declaratory judgment action should yield and allow the state court to decide the more comprehensive Underlying Action because this course of action would further the goals of promoting "'practicality and wise judicial administration.'" *See Reifer*, 751 F.3d at 139, 149 n.25 (quoting *Wilton*, 515 U.S. at 288).

## IV.    CONCLUSION

For the reasons stated above, the Administrators' motion to dismiss is **GRANTED**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 12, 2017**